### BALL *v.* TRENTON CITY CLERK.

1. **JUDGES—ELECTION—MAXIMUM AGE—MUNICIPAL JUDGES.**
   Constitution's clear and unambiguous provision that "no person shall be elected or appointed to a judicial office after reaching the age of 70 years" applies to *all judicial positions,* including the office of municipal judge provided for by home-rule city charter (Const 1963, art 6, § 19; CLS 1961, § 117.28; § 730.501 *et seq.*; Trenton city charter, § 3.7).

2. **ELECTIONS—LOCAL OFFICES.**
   Election to offices other than a national, State, county, or township office is a matter of local concern and time for, and manner of, such election may be set pursuant to locally applicable charters.

3. **SAME—MUNICIPAL JUDGES.**
   Election of justices or judges of municipal courts of cities, so far as time and manner of election are concerned, are provided for by the charters of the respective cities (CLS 1961, §§ 117-.28, 730.508).

4. **COURTS—MUNICIPAL COURTS—JURISDICTION.**
   Municipal court which had been duly established and was in existence at time Constitution of 1963 became effective retained its powers and jurisdiction except as provided by law until abolished (Const 1963, art 6, § 26; CLS 1961, §§ 117.28, 730.508).

5. **JUDGES—MUNICIPAL JUDGE—ELECTIONS—CHARTERS.**
   Office of municipal judge is a local office, not a State office, hence, provisions of municipal charter setting forth time and

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judges § 10.
[2] 18 Am Jur, Elections §§ 112, 205 *et seq.*
   38 Am Jur, Municipal Corporations § 709.
[3, 5] 30A Am Jur, Judges § 13.
[4] 14 Am Jur, Courts §§ 162–166.
[6] 35 Am Jur, Mandamus § 393.

manner of election at time other than biennial fall election are controlling (Const 1963, art 6, § 26; CLS 1961, §§ 117.28, 730.508).

6. Costs—Public Question—Municipal Judges—Elections.
   No costs are allowed in mandamus proceeding by 71-year-old petitioner incumbent to compel city clerk to accept his nominating petitions for office of municipal judge, and, alternatively that election to such office be deemed a State office and that election be held at biennial fall election, a public question being involved (Const 1963, art 2, § 26; art 6, § 19; CLS 1961, §§ 117-.28, 730.508).

Appeal from Wayne; Rashid (Joseph G.), J. Submitted Division 1 January 21, 1965, at Detroit. (Docket No. 429.) Decided January 26, 1965. Leave to appeal denied by Supreme Court February 13, 1965. Opinion filed March 15, 1965.

Petition for mandamus by Don Ball to compel Francis S. Thomas, city clerk, and the Election Commission of City of Trenton to accept his nominating petitions for office of municipal judge in Trenton, and to restrain the holding of an election on February 15, 1965, for such office. Writ denied. Plaintiff appeals. Affirmed.

*Raubolt, MacDonald & Dodge*, for plaintiff.

*Guiney & Guiney*, for defendants.

Per Curiam. Plaintiff, resident of the city of Trenton, sought in the Wayne county circuit court to compel the city clerk in the city of Trenton, defendant Francis S. Thomas, and defendant members of the election commission, to accept his nominating petitions for the office of municipal judge in the city of Trenton or, in the alternative, to mandamus defendants restraining them from holding any election for the office of municipal judge on the 15th

day of February, 1965, allegedly in compliance with
Const 1963, art 2, § 5.  This action arose when the
defendant city clerk refused to accept plaintiff's
nominating petitions on December 28, 1964; based
on plaintiff's admission that he was then 71 years of
age.  The city clerk determined at that time that
Const 1963, art 6, § 19 denied this judicial office to
petitioner who was actually seeking re-election to
the office because, as set forth in his affidavit, he
would have attained the age of 70 prior to election.
Mandamus was denied.

Plaintiff alleges that Const 1963, art 6, § 19 is
applicable only to courts of record.

"Sec. 19.  The Supreme Court, the Court of Appeals, the circuit court, the probate court and other
courts designated as such by the legislature shall
be courts of record and each shall have a common
seal.  Justices and judges of courts of record must
be persons who are licensed to practice law in this
State.  No person shall be elected or appointed to a
judicial office after reaching the age of 70 years."

Plaintiff contends that the age limitation set forth
in article 6, § 19 does not apply to the judicial office
he seeks as it is not in a court of record.  This Court
cannot accept this argument for we find the language
clear and unambiguous that the age qualification
fixed by the framers of our 1963 Constitution was
intended to include all judicial positions.  A study
of section 19 makes obvious the intent of the drafters
of these constitutional provisions wherein they refer
specifically to courts of record when placing restrictions upon or setting forth particular qualifications
for an office and then stipulate *judicial office* when
determining the matter of age limitation.

We go on to consider whether a municipal judge
of the city of Trenton occupies a "State office" for
purposes of nomination and election within the pur-

view of Const 1963, art 2, § 5. If the office is not
a "State office," then the time of the election is a
matter of local concern and, this Court has been
advised, the city charter for the city of Trenton
provides in section 3.7 for a spring election. It is
not disputed that article 2, § 5 relates only to elec-
tions for national, State, county, and township offices.
It is further stipulated that the municipal court for
the city of Trenton was established on November
20, 1961, under PA 1956, No 5 (CLS 1961, § 730.501
*et seq.,* Stat Ann 1962 Rev § 27.3937[1] *et seq.*), and
the justice court provided for in the city charter
adopted on July 16, 1957, thus abolished.

Section 8 of the above act (CLS 1961, § 730.508,
Stat Ann 1962 Rev § 27.3937[8]), provides in part:

"The qualifications, terms of office, *time and man-
ner of election,* compensation, jurisdiction, powers
and duties of the judges of the municipal court of
any city affected by the provisions of this act, and
the practice and procedure in such municipal courts,
shall be governed by the provisions of existing laws
relating to the justices of the peace in such cities,
and to the practice and procedure in the courts of
such justices of the peace." (Emphasis supplied.)

A review of Act No 5, *supra,* and the "home-rule
act," PA 1909, No 279, § 28 (CLS 1961, § 117.28, Stat
Ann 1963 Cum Supp § 5.2107), which provides au-
thority for a city, by charter amendments, to abolish
the justice court system and consolidate powers and
duties into a single court makes obvious the fact
that the time and manner of election of justices or
judges of municipal courts have been prescribed in
the charters of the respective cities of this State.

The municipal court of the city of Trenton is a
statutory court which was in existence at the time
the Michigan Constitution of 1963 became effective
and thus retains its powers and jurisdiction except

as provided by law until it is abolished. Const 1963, art 6, § 26, paragraph (2) states:

"Statutory courts in existence at the time this Constitution becomes effective shall retain their powers and jurisdiction, except as provided by law, until they are abolished by law."

The argument that because municipal courts are an integral part of the State judicial system, they must be State offices has been repudiated in this State. Justice OSTRANDER summarized the argument in *Attorney General* v. *Bolton* (1919), 206 Mich 403, 412, saying:

"Assuming that justices of the peace are an integral part of the judicial system of this State, they are nevertheless local officers and their selection is matter purely of local concern. No one excepting those directly charged with their nomination and election have any possible interest in the subject of when or how their selection shall be brought about."

This Court can find nothing in the language of the present Constitution, legislative enactments, or rulings of our Courts to change our holding that in respect to nomination and election, the office of municipal judge is a local office and not a State office within Const 1963, art 2, § 5.

Judgment affirmed. No costs, a public question being involved.

LESINSKI, C. J., and J. H. GILLIS and WATTS, JJ., concurred.