HACKÉTT *v.* FERNDALE CITY CLERK.

1. INJUNCTION—HEARING—EMERGENCY.

   Action of the Court of Appeals in granting, on an emergency application, injunction restraining defendant city clerk from placing names of other defendants, candidates for nomination for office of municipal judge, on ballots in home-rule city without affording defendants an opportunity to be heard *held*, error.

2. STIPULATIONS—MUNICIPAL JUDGES—AFFIDAVITS OF QUALIFICATION.

   Stipulation that belated affidavit of qualification by candidate for nomination as municipal judge had placed such candidate in substantial compliance with pertinent statute and removed the disqualification rendered unnecessary further consideration of plaintiff's complaint with respect thereto (PA 1954, No 116, § 544b, as added by PA 1963 [2d Ex Sess], No 57).

3. ELECTIONS—MUNICIPAL JUDGE—NOMINATING PETITIONS—HOME-RULE CITY CHARTERS—STATUTES.

   Nominating petitions for office of municipal judge which complied with charter provisions of the home-rule city *held*, adequate and proper to qualify candidates for such office and not invalid for failure to include the word "nonpartisan" and failure to include warning to signers thereof not to sign more petitions than there are candidates to be elected as required by inapplicable State statute (CLS 1961, §§ 117.3, 168.321, 168-.544a).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur, Elections § 326.
[2] 18 Am Jur, Elections § 126.
[3] 18 Am Jur, Elections §§ 119, 120.
[4] 30A Am Jur, Judges § 10.
[5] 14 Am Jur, Courts § 84.
[6] 16 Am Jur 2d, Constitutional Law §§ 93–95.
[7] 14 Am Jur, Costs § 91.

4. JUDGES—ELECTION—MAXIMUM AGE—MUNICIPAL JUDGES.

Constitution's clear and unambiguous provision that "no person shall be elected or appointed to a judicial office after reaching the age of 70 years" applies to all judicial positions, including the office of municipal judge provided for by home-rule city charter, hence, person seeking such office, who was admittedly over 70 years of age was not a qualified candidate (Const 1963, art 6, § 19).

5. COURTS—COURT OF APPEALS—PRECEDENTS.

A decision of any division of the Court of Appeals is a controlling precedent statewide as to circuit courts until a contrary decision is reached by another division on the identical question or until the decision is reversed by the Supreme Court.

6. JUDGES—MAXIMUM AGE—CONSTITUTIONAL LAW—STATUTES.

Claim that provision of Constitution barring election or appointment to a judicial office of a person who had reached the age of 70 years was not self-executing and required legislative action to become effective *held*, disposed of by fact that the legislature has required that a candidate file an affidavit of qualification (Const 1963, art 6, § 19; PA 1954, No 116, § 544b, as added by PA 1963 [2d Ex Sess], No 57).

7. COSTS—PUBLIC QUESTION—INJUNCTION—NOMINATING PETITIONS— MUNICIPAL JUDGES.

No costs are allowed in suit to enjoin defendant city clerk from accepting nominating petitions for office of municipal judge, a public question being involved.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted Division 2 February 13, 1965, at Flint. (Docket No. 495.) Decided February 13, 1965. Opinion filed March 15, 1965.

Complaint by Darrel R. Hackett against Lawrence Kress, city clerk of the City of Ferndale, Henry J. Schiffer, Earl Nash, and Montague R. Hunt for mandamus or, in the alternative, injunction, contesting the appearance of names of defendants Schiffer, Nash, and Hunt on municipal ballots as candidates for the office of municipal judge. Writ denied.

Plaintiff appeals. Affirmed in part, reversed in part and writ granted.

*Robert E. Childs,* for plaintiff.

*Robert J. Turner,* for defendant city clerk.

*Jack W. Hutson, Carl W. Forsythe* and *William R. Beasley,* for defendant Nash.

*Henry A. Schiffer, in propria persona.*

*Dennison & Devine* and *Montague R. Hunt, in propria persona,* for defendant Hunt.

Per Curiam. Although this case was decided at a special session of the Court, held at Flint, Michigan, February 13, 1965, by oral pronouncement and formal order, GCR 1963, 821.1 requires that a written opinion be filed. Only the extreme urgency of the situation with which the Court was faced justifies decision prior to written opinion, and the fact that this case was so decided sets no precedent in this regard.[1] The same urgency is the only justification for hearing oral arguments on an incomplete record and before compliance with court rules. The fact that it was done in this case sets no precedent. Except for the co-operation of all counsel in stipulating essential facts, decision would not have been possible.

Plaintiff and defendants Henry J. Schiffer, Earl Nash, and Montague R. Hunt appear as candidates for nomination for municipal judge on the primary ballot to be submitted to the electors of the city of Ferndale, Oakland county, Michigan, on February 15, 1965. Plaintiff filed proceedings in Oakland county circuit court contesting the right of these

---

[1] See *Keyes* v. *Secretary of State,* 360 Mich 610.

defendants to be on the ballot for the following reasons:

1. The nominating petitions of defendants Schiffer and Hunt do not contain the word "nonpartisan" and the warning to signers thereof not to sign more petitions than there are candidates to be elected as required by PA 1954, No 116, § 544a, as added by PA 1960, No 23 (CLS 1961, § 168.544a [Stat Ann 1963 Cum Supp § 6.1544(1)]).

2. Defendant Hunt had not filed the affidavit required by PA 1954, No 116, § 544b, as added by PA 1963 (2d Ex Sess), No 57 (CL 1948, § 168.544b [Stat Ann 1965 Cum Supp § 6.1544(2)]).

3. Defendant Nash was over 70 years of age and was disqualified by Const 1963, art 6, § 19.

Following a hearing February 8, 1965, and on the same day, Judge Stanton G. Dondero decided all questions against plaintiff. The plaintiff filed claim of appeal February 9, 1965, together with an application for ex parte emergency relief in the form of an injunction restraining defendant City Clerk Lawrence Kress from submitting the names of defendants Schiffer, Nash, and Hunt to the electors at the election of February 15, 1965. The emergency application was considered by this Court at a conference February 11, 1965, and, without hearing defendants, orders were entered granting the emergency relief sought as to defendants Nash and Hunt and requiring defendant Schiffer to show cause on February 26, 1965, why the relief prayed for against him should not be granted. The Court was in error in acting without affording defendants an opportunity to be heard. The special session of February 13, 1965, was an attempt to correct this error.

At the hearing February 13, 1965, counsel for plaintiff stipulated that the affidavit filed by defendant Hunt on February 12, 1965, placed him in sub-

stantial compliance with Act No 57, *supra*, and removed this disqualification. Further discussion of this point is unnecessary.

At the same hearing, all counsel agreed that Ferndale is a home-rule city; that its charter prescribes the form of nominating petitions for city office; and that the nominating petitions filed by defendants Schiffer and Hunt complied with the charter provisions. In view of CLS 1961, § 168.321 (Stat Ann 1956 Rev § 6.1321), and PA 1909, No 279, § 3, as amended (CLS 1961, § 117.3 [Stat Ann 1963 Cum Supp § 5.2073]) (mandatory charter provisions of home-rule cities regarding nomination and election), it is the opinion of this Court that Act No 23, *supra*, does not apply to the petitions here involved and that they are adequate and proper to qualify defendants Schiffer and Hunt for the ballot.

Const 1963, art 6, § 19, reads as follows:

"19. The Supreme Court, the Court of Appeals, the circuit court, the probate court and other courts designated as such by the legislature shall be courts of record and each shall have a common seal. Justices and judges of courts of record must be persons who are licensed to practice law in this State. No person shall be elected or appointed to a judicial office after reaching the age of 70 years."

Defendant Nash admits he is over 70 but contends the age limitation of section 19 does not apply to him because the judicial office he seeks is not in a court of record. The identical argument was advanced in *Ball v. Trenton City Clerk*, 1 Mich App 1, heard by Division 1 of this Court at the January, 1965, session. It was rejected there as we reject it here. The language is clear and unambiguous and except for the fact that the rest of section 19 deals with courts of record and justices and judges thereof, it would not need construction. That

the framers of the Constitution intended the age limitation to apply to all judicial positions is clear from the very language of section 19. When dealing with courts of record, the terms *justices* and *judges* are used. When specifying the age limitation, the term *judicial office* is used. Even more persuasive are the terms *elected* or *appointed*. If the limitation applied only to courts of record, *appointed* is surplusage. There are no appointments to courts of record, Const 1963, art 6, § 23. The age qualification applies to all judicial positions and defendant Nash is not qualified for the office he seeks.

The record before us indicates that Judge Dondero was advised of the decision of the First Division in *Ball, supra,* during argument. Apparently he did not feel bound by that decision. While it is not necessary to decision here, it is the opinion of this Court that a decision of any division of this Court is controlling statewide until a contrary decision is reached by another division on the identical question or until such decision is reversed by the Supreme Court.

Defendant Nash's contention that Const 1963, art 6, § 19 is not self-executing and requires legislative action to become effective, if it has any merit, is disposed of by Act No 57, *supra*.

The judgment of the trial court is reversed with respect to defendant Nash; otherwise it is affirmed. A public question is involved and no costs are allowed.

QUINN, P. J., and T. G. KAVANAGH and McGREGOR, JJ., concurred.