WING v CITY OF DETROIT

Docket No. 103982. Submitted February 21, 1989, at Detroit. Decided
    May 18, 1989. Leave to appeal applied for.
Gisele L. Wing sustained injury on the premises of the Detroit
    Zoo when she fell on that portion of the main walkway which
    is adjacent to the Penguin House. Gisele and Ira Wing brought
    a tort action for damages in Wayne Circuit Court against the
    City of Detroit and zoo superintendent Floyd Lodge. The trial
    court, Michael L. Stacey, J., granted summary disposition in
    favor of defendants, ruling that the action was barred by
    governmental immunity. Plaintiffs appealed.
    The Court of Appeals held:
    1. The public building exception to governmental immunity
    imposes liability on governmental agencies for injuries arising
    out of a dangerous or defective condition of a building itself.
    Here, while it is not disputed that the Penguin House itself is a
    public building, the portion of the walkway on which Gisele
    Wing fell is not part of the entrance to the Penguin House.
    Thus, plaintiffs' claim is not within the public building excep-
    tion to governmental immunity.
    2. Plaintiffs' claim as to zoo superintendent Lodge concerned
    his actions with respect to the inspection of the walkway and
    the determination that it contained no defect and needed no
    repair. However, since these acts were discretionary and not
    ministerial, the trial court did not err in ruling that defendant
    Lodge is entitled to governmental immunity.
    Affirmed.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.
    The public building exception to governmental immunity from
    tort liability applies only where an injury is occasioned by a
    physical defect or dangerous condition of a building itself;
    fixtures are considered part of the building, but liability cannot
    be imposed for injuries resulting from furnishings, persons or
    activities within the building (MCL 691.1406; MSA 3.996[106]).

REFERENCES
Am Jur 2d, Municipal, County, School, and State Tort Liability
    §§ 111 et seq., 294, 303.
Governmental liability from operation of zoo. 92 ALR3d 832.

2. GOVERNMENTAL IMMUNITY — LOWER-LEVEL OFFICIALS.

 One requirement of governmental immunity from tort liability, as it applies to a lower-level governmental official, is that the official must have been performing a discretionary-decisional act, i.e., one that involved significant decision-making that entailed personal deliberation, decision and judgment, as opposed to a ministerial-operational act, i.e., one that involved the execution or implementation of a decision and entailed only minor decision-making.

*Bloom, Prahler & Kavanaugh* (by *James M. Prahler*), and *Mark R. Granzotto,* for plaintiffs.

*Donald Pailen,* Corporation Counsel, and *Brenda E. Braceful* and *Linda D. Fegins,* Assistant Corporation Counsel, for defendants.

Before: GRIBBS, P.J., and HOLBROOK, JR., and REILLY, JJ.

PER CURIAM. Plaintiffs appeal as of right from the circuit court's grant of defendants' motion for summary disposition. We affirm and hold that plaintiffs' action is precluded by governmental immunity.

The parties agree in their briefs that plaintiff Gisele Wing was injured when she fell on the main walkway, also known as the Elephant Walk, of the Detroit Zoo. Plaintiffs argue on appeal that the public building exception to governmental immunity should apply in this case because Mrs. Wing fell on a section of the walkway "adjacent to" the Penguin House. Defendants do not dispute that operation of the zoo constitutes a governmental function and that the Penguin House is a public building.

As a general rule, a governmental entity is immune from tort liability when it is engaged in a governmental function. MCL 691.1407; MSA 3.996(107). Governmental immunity is broad in

scope, but subject to a limited number of narrowly drawn exceptions. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 618; 363 NW2d 641 (1984). One of these is the public building exception. MCL 691.1406; MSA 3.996(106).

The public building exception imposes liability on governmental agencies for injuries arising out of a dangerous or defective condition of a building itself. *Velmer v Baraga Area Schools*, 430 Mich 385, 394; 424 NW2d 770 (1988); *Reardon v Dep't of Mental Health*, 430 Mich 398; 424 NW2d 248 (1988). Fixtures are considered part of the building, but liability cannot be imposed for injuries resulting from furnishings, persons or activities within the building. *Velmer, supra* at 393-394; *Reardon, supra* at 413.

In this case, plaintiffs primarily rely upon cases decided by the courts before *Ross*. In *Pichette v Manistique Public Schools*, 403 Mich 268; 269 NW2d 143 (1978), our Supreme Court found the public building exception applicable to a permanently attached playground slide immediately adjacent to defendant's school building. In *Tilford v Wayne Co General Hospital*, 403 Mich 293; 269 NW2d 153 (1978), the Court ruled that the entrance walk of a public building came within the public building exception. The Supreme Court also reversed this Court's decision in *Stanton v Garfield Twp*, 75 Mich App 537; 255 NW2d 675 (1977), rev'd 404 Mich 802 (1978), where we ruled that the ground adjacent to a public building was not covered by the exception. See also *Monfils v Sterling Heights*, 84 Mich App 330; 269 NW2d 588 (1978), lv den 404 Mich 818 (1979) (school playground adjacent to public school fits within the public building exception); *Dristy v Waterford School Dist*, 146 Mich App 217; 379 NW2d 428 (1985)

(school entrance walk included in the public building exception).

We reject plaintiffs' claim that the public building exception applies to the zoo walkway in this case. First, the walkway where Mrs. Wing fell was not part of the entrance to the Penguin House, so we do not believe that *Tilford* or *Dristy* apply. In addition, we do not believe the zoo's main walkway can be considered part of the surrounding grounds or premises of the Penguin House, as in *Pichette* or *Monfils.*

Furthermore, we are convinced that the scope of the public building exception is now more narrow than it was before *Ross* was decided. When our Supreme Court reconsidered the public building exception in *Reardon,* it specifically noted most of the cases cited here by plaintiffs and concluded that "[t]he rather broad statement of the legislative purpose contained in the above cases could be explained by the fact that they were all decided prior to *Ross." Reardon, supra* at 413.

While *Reardon* did not expressly overrule the pre-*Ross* cases, *Reardon* held that the public building exception now applies in cases where the injury is occasioned by the physical condition of the building itself:

> By today's holding, we wish to clarify that the duty imposed by the public building exception relates to dangers actually presented by the building itself. [*Reardon, supra* at 415.]

Since plaintiffs' claim would require that we further expand the pre-*Ross* interpretation, it is necessarily precluded by the narrower exception defined by *Reardon.*

Plaintiffs also argue that zoo superintendent Floyd Lodge, the individual defendant named in

this action, was not entitled to immunity. The parties agree that the issue is whether defendant Lodge was performing discretionary or ministerial acts when he inspected the walkway and determined that it contained no defect and needed no repair. Under *Ross,* defendant Lodge would be immune from tort liability only if he was performing discretionary acts:

> "Discretionary" acts have been defined as those which require personal deliberation, decision, and judgment. [Prosser, Torts (4th ed), § 132, p 988.] This definition encompasses more than quasi-judicial or policy-making authority, which typically is granted only to members of administrative tribunals, prosecutors, and higher level executives. However, it does not encompass every trivial decision, such as "the driving of a nail," which may be involved in performing an activity. For clarity, we would add the word "decisional" so the operative term would be "discretionary-decisional" acts.
>
> "Ministerial" acts have been defined as those which constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice. *Id.* We believe that this definition is not sufficiently broad. An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual is a ministerial act, which must be performed in a nontortious manner. In a nutshell, the distinction between "discretionary" and "ministerial" acts is that the former involves significant decision-making, while the latter involves the execution of a decision and might entail some minor decision-making. Here too, for clarity, we would add the word "operational" so the operative term would be "ministerial-operational" acts. [*Ross, supra* at 634-635.]

We believe that defendant Lodge was perform-

ing discretionary acts in this case and that he is entitled to immunity. While Lodge's job duties may have included both ministerial and discretionary acts, the determination of what type of action to take is discretionary. *Ross, supra* at 659-660. Cf. *Scameheorn v Bucks,* 167 Mich App 302, 311-312; 421 NW2d 918 (1988) (the addition and maintenance of speed bumps on school driveways are discretionary acts).

We need not address plaintiffs' remaining issue in view of our decision that defendants are entitled to immunity.

Affirmed.