STANTON v GARFIELD TOWNSHIP

1. NEGLIGENCE—GOVERNMENT IMMUNITY—STATUTES.

Governmental immunity is statutory in the state of Michigan (MCLA 691.1407; MSA 3.996[107]).

2. NEGLIGENCE—GOVERNMENTAL IMMUNITY—GROUND ADJACENT TO PUBLIC BUILDINGS—PUBLIC BUILDINGS—STATUTES.

The ground adjacent to a public building is not a public building within the contemplation of the statute providing that governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building; therefore government immunity applies to injuries received from a fall on such ground adjacent to a public building (MCLA 691.1406; MSA 3.996[106]).

Appeal from Newaygo, Harold VanDomelen, J. Submitted March 1, 1977, at Grand Rapids. (Docket No. 27307.) Decided May 4, 1977. Leave to appeal applied for.

Complaint by Marijane Stanton and Henry Stanton against Garfield Township for damages for injuries sustained by Marijane in a fall outside the Garfield Township Hall. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Freihofer, Hecht, Oosterhouse & DeBoer, P. C.* (by *Peter R. Tolley* and *Janet T. Neff*), for plaintiffs.

*Luyendyk, Hainer, Hathaway & DeJong,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence § 25.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 150.

Before: R. M. MAHER, P. J., and D. E. HOLBROOK, JR. and J. T. LETTS,* JJ.

PER CURIAM. Plaintiffs appeal from an order granting summary judgment in favor of defendant. GCR 1963, 117.2. We affirm.

On November 7, 1972 plaintiff Marijane Stanton was injured outside the Garfield Township Hall. She was returning to her automobile after casting her vote in the November, 1972 election in the town hall. It was dark and the area unlit when she stepped in a depression and fell. She and her husband brought this action, contending defendant township was liable for her injuries under MCLA 691.1406; MSA 3.996(106), the public buildings exception to governmental immunity. The court below, finding the exception inapplicable, granted summary judgment for defendant.

In Michigan, governmental immunity is now statutory. *Thomas v Department of State Highways,* 398 Mich 1; 247 NW2d 530 (1976), *Pittman v Taylor,* 398 Mich 41; 247 NW2d 512 (1976). One exception to the general grant of immunity in MCLA 691.1407; MSA 3.996(107) is the dangerous and defective building exception. MCLA 691.1406; MSA 3.996(106) provides, in part, that:

"Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

Plaintiffs ask us to read this exception broadly

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to include liability for dangerous premises adjacent to a governmental building. In *Pichette v Manistique Public Schools,* 50 Mich App 770, 776; 213 NW2d 784 (1973), this Court held:

"We do not believe that in the usual commonly accepted sense of the term a slide in a playground, anchored in concrete or not, is a public 'building', statutorily speaking, and we so hold."

Judge HOLBROOK, "in order to save the constitutionality of the statute", thought the definition of "public building" should be expanded to include the "immediate outside physical environs owned, controlled, and considered a necessary part of the essential governmental function of the building". 50 Mich App at 785 (dissenting opinion). The Supreme Court in *Thomas, supra,* has apparently found no constitutional infirmity in the governmental immunity statute. See the dissenting opinion by LEVIN, J., 398 Mich at 25. With the constitutional questions that troubled Judge HOLBROOK removed, we are easily able to paraphrase this Court's holding in *Pichette.* We do not believe that in the usual commonly accepted sense of the term the ground adjacent to a public building is a public "building", statutorily speaking, and we so hold.

Affirmed.