DRISTY v WATERFORD SCHOOL DISTRICT

Docket No. 76682. Submitted June 26, 1985, at Detroit.—Decided August 12, 1985.

Ross and Diana Dristy brought a negligence action in Oakland Circuit Court against the Waterford School District for damages for injuries sustained by Diana Dristy when she slipped and fell on a sidewalk outside a school operated by the defendant. Plaintiffs claimed that defendant was negligent in its failure to remove snow and ice from the sidewalk. At trial, plaintiffs' counsel on cross-examination asked the assistant principal in charge of maintenance whether it would be a reasonable idea to ask for additional staff during periods of heavy snow. Defense counsel, over plaintiffs' objection on the basis of relevance, was permitted to examine the assistant principal concerning the operating budget and how it was allocated. Plaintiffs requested instructions on a landowner's duty to business invitees. The trial court, John N. O'Brien, J., refused to give the requested business invitee instruction but rather instructed the jury in the language of the statute retaining tort liability by governmental agencies for negligent maintenance of public buildings. The jury thereafter returned a verdict of no cause of action and judgment was entered accordingly, John N. O'Brien, J. Plaintiffs appeal. *Held:*

1. The testimony concerning budgetary matters had a bearing on whether the school district acted within a reasonable

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Municipal, School, and State Tort Liability §§ 11 *et seq.*

Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

[2] Am Jur 2d, Municipal, School, and State Tort Liability §§ 313-315.

Tort liability of private schools and institutions of higher learning for accidents due to condition of buildings, equipment or outside premises. 35 ALR3d 975.

[3] Am Jur 2d, Appeal and Error §§ 545 *et seq.*

[4] Am Jur 2d, Municipal, School, and State Tort Liability §§ 145-167.

Modern status of doctrine of soverign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

time and took actions reasonably necessary to alleviate the condition. Accordingly, that evidence was relevant evidence.

2. Since the testimony concerning budgetary matters was a fuller development of a subject matter raised by plaintiffs, plaintiffs will not be heard on appeal to complain that consideration of that subject was unduly prejudicial.

3. The trial court properly refused to give the business invitee instructions requested by plaintiffs, since under the public building exception to statutory governmental immunity it is irrelevant whether the injured party is an invitee or licensee.

4. It was harmless error for the trial court to fail to give an instruction on the satutory presumption relative to the school district's knowledge of the dangerous condition, since it was undisputed that school district employees were aware of the condition, the only question being whether the school district took reasonable steps to protect the public.

5. The jury's verdict was supported by the evidence.

Affirmed.

1. Schools — Torts — Governmental Immunity — Public Buildings.

A school district, while generally immune from tort liability, remains liable for bodily injury and property damage arising out of the negligent maintenance of the entrance walks of buildings under its control where the school district has actual or constructive knowledge of the defect and fails to remedy the condition or take action reasonably necessary to protect the public within a reasonable period of time after acquiring knowledge of the defect (MCL 691.1406; MSA 3.996[106]).

2. Evidence — Schools — Torts — Public Buildings.

Evidence of school district budgetary matters may be relevant in an action against the school district for negligent failure to maintain in a safe condition the entrance walks at a school under the control of the district, since such evidence has a bearing on whether the school district acted in a reasonable time and took action reasonably necessary to alleviate the dangerous condition (MRE 401).

3. Evidence — Appeal — Preserving Question.

A party who opens the door on a particular subject matter by raising the matter initially at trial may not on appeal complain because the opposing party more fully developed the subject matter.

4. Schools — Torts — Jury Instructions — Business Invitees.

It is not error for a trial court to refuse to give the standard business invitee jury instructions in an action against a school district for failure to maintain a school entrance walk in a safe condition, since the statutory building exception to the general grant of tort immunity makes the school district liable to all members of the public and thus the business invitee instructions are irrelevant (MCL 691.1406; MSA 3.996[106]; SJI2d 19:03, 19:05).

*Fried & Morse* (by *Marc S. Morse),* for plaintiffs.

*Puleo & Noeske* (by *William D. Kahn),* for defendant.

Before: R. M. Maher, P.J., and Bronson and D. F. Walsh, JJ.

Per Curiam. This tort action arises from Diana Dristy's slip and fall on the premises of a building owned and operated by defendant Waterford School District. Diana Dristy sued for medical expenses, lost wages, and pain and suffering. Her husband sued for loss of consortium. A jury in the Oakland County Circuit Court found no cause of action. From the denial of plaintiffs' motion for a new trial or judgment notwithstanding the verdict, plaintiffs appeal.

On January 16, 1979, Diana Dristy visited Mason Junior High School to attend a luncheon sponsored by her daughter's home economics class. Around 1:30 p.m. she exited from the building, walking on a sidewalk covered with light snow. She walked approximately 10 to 14 feet before slipping and falling. While lying on the ground, she observed ice on the walk. Her leg was broken in several places, requiring surgery.

During the trial, plaintiffs' attorney cross-examined the assistant principal in charge of maintenance as to whether "it would be a good idea, or a

reasonable idea, a safe idea" to ask for additional staff during periods of heavy snow. Over plaintiffs' objection as to relevance, defendant's attorney then questioned the assistant principal concerning the operating budget and how it was allocated. On recross-examination, plaintiffs' attorney asked the assistant principal if there had ever been any discussion about using emergency discretionary resources to call in additional maintenance personnel or asking the school district, which controlled the budget, for such help. The assistant principal explained that the school had no permission to hire outside help with its emergency discretionary resources, and that it was occasionally able to have a plow or a tractor from central maintenance to assist it, although not on the day on which plaintiff was injured.

In objecting to this testimony on appeal, plaintiffs first assert that testimony as to budgetary matters was not relevant. Plaintiffs suggest that the defendant's statutory duty existed regardless of finances.

While generally immune from tort suit, school districts remain liable for negligent maintenance of entrance walks to buildings under their control. *Tilford v Wayne County General Hospital,* 403 Mich 293, 300; 269 NW2d 153 (1978). A governmental agency is liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. MCL 691.1406; MSA 3.996(106). Evidence of budgetary matters had a bearing on whether the school district acted within a reasonable time and took action reason-

ably necessary to alleviate the condition. The evidence was, therefore, relevant. MRE 401.

Plaintiffs further argue that, even if relevant, the evidence of budgetary matters was more prejudicial than probative. Plaintiffs contend it was highly prejudicial because it focused on each juror's ultimate reseponsibility to pay any sums assessed against the district. Nothing in the assistant principal's testimony even alludes to the fact that taxpayers would ultimately bear responsibility for any sums awarded. Plaintiffs suggest that the evidence focused the jury's attention on governmentally immune activities, *i.e.,* allocation of the budget, but, even if this is true, plaintiffs were not prejudiced by this, as the jury specifically found that the condition of the sidewalk was a dangerous condition. Finally, the evidence was first interjected as a result of plaintiffs' questioning. Plaintiffs cannot claim prejudice where the defendant merely more fully developed the subject matter raised by plaintiffs. *Rushing v Wayne County,* 138 Mich App 121, 149; 358 NW2d 904 (1984). We affirm the trial judge's decision that this evidence was relevant and not unduly prejudicial.

Plaintiffs also assign as error the trial court's failure to give requested jury instructions concerning a landowner's duty to business invitees, SJI2d 19:03 and 19:05. Requested Michigan Standard Jury Instructions must be given in civil cases if they are applicable and accurately state the law. GCR 1963, 516.6(2). The trial judge in this case correctly concluded that the requested jury instructions were not applicable.

When engaged in a governmental function, governmental agencies are immune from all tort suits except as provided by the Legislature. MCL 691.1407; MSA 3.996(107). Consequently, all com-

mon-law tort liability is eliminated and replaced with statutory liability in limited situations. The statute makes the agency equally liable for injuries to all members of the public, regardless of their status, so it is irrelevant whether the injured party was an invitee or licensee. The trial judge was correct in reading the statute instead of reading the requested jury instructions on business invitees. See *Rushing v Wayne County, supra,* p 149.

Plaintiffs contend that, if the court were going to read a statute, it should have read the statute regarding defective highways, MCL 691.1402; MSA 3.996(102). We disagree. The defective building theory of liability, MCL 691.1406; MSA 3.996(106), applies to sidewalks used for entrance or exit from a public building. *Tilford v Wayne County General Hospital, supra,* p 300. Finally, any error caused by the trial court's failure to read the portion of the statute creating a presumption of knowledge of the dangerous condition was harmless. Testimony clearly indicated that the employees of the school district knew of the dangerous condition. The only question for the jury was whether defendant took reasonable steps to protect the public from the danger. We find no error in the instructions given.

Contrary to plaintiffs' assertion, the jury's decision was supported by the evidence, and the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial or a judgment notwithstanding the verdict. *Bell v Merritt,* 118 Mich App 414, 422; 325 NW2d 443 (1982), *lv den* 417 Mich 954 (1983).

Affirmed.