YARRICK v VILLAGE OF KENT CITY (ON REMAND)

Docket No. 131035. Submitted July 23, 1990, at Lansing. Decided June 3, 1991, at 9:45 A.M. Leave to appeal sought.

Nancy J. and James A. Yarrick brought an action in the Kent Circuit Court against the Village of Kent City, seeking damages for injuries sustained by Nancy Yarrick when she stepped in a small hole in a grassy area of a park maintained by the defendant. The plaintiffs alleged negligence, intentional nuisance, and that their claim was not barred by governmental immunity under the public building and intentional nuisance exceptions to governmental immunity. The court, George R. Cook, J., granted summary disposition for the defendant, concluding that the claim was barred under governmental immunity and that the public building exception was not applicable. The plaintiffs appealed, and the Court of Appeals affirmed the judgment regarding the public building, but reversed the judgment regarding intentional nuisance. 180 Mich App 410 (1989). The Supreme Court vacated the judgment of the Court of Appeals and remanded the case for reconsideration in light of *Li v Feldt (After Remand)*, 434 Mich 584 (1990), and for consideration of the existence and applicability of nuisance per se and public nuisance exceptions to immunity and their applicability to this case if, and to the extent that, they were properly raised before the Court of Appeals. 435 Mich 866 (1990).

On remand, the Court of Appeals *held:*

1. There is no intentional nuisance exception to governmental immunity.

2. Public nuisance and nuisance per se are exceptions to governmental immunity. Raising the intentional nuisance issue was sufficient to preserve the issues of public nuisance and nuisance per se.

3. There must be some human agency responsible for the

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 159, 171, 291.

See the Index to Annotations under Governmental Immunity or Privilege; Nuisances.

creation of a condition which allegedly constitutes a public nuisance. Because the plaintiffs alleged that the defendant created the hole at issue and can establish the existence of a public nuisance if they can show that the hole was of artificial origin, they stated a claim which comes within the public nuisance exception.

4. A hole in the ground is not a nuisance per se.

Reversed and remanded.

GRIFFIN, J., concurring in the result, noted that were it not for Administrative Order No. 1990-6, 436 Mich lxxxiv, and the decision in *Li v Feldt (On Second Remand)*, 187 Mich App 475 (1991), he would hold that claims of nuisance per se and public nuisance are barred by governmental immunity and that these alleged claims were not properly raised before the Court of Appeals.

NUISANCE — PUBLIC NUISANCE.

There must be some human agency responsible for the creation of a condition that allegedly constitutes a public nuisance; a public nuisance does not exist where the condition occurs naturally.

*Gray, Sowle & Iacco, P.C.* (by *Donald N. Sowle*), for the plaintiffs.

*Bremer, Wade, Nelson, Mabbitt & Lohr* (by *Judith K. Simonson*), for the defendant.

ON REMAND

Before: HOLBROOK, JR., P.J., and SAWYER and GRIFFIN, JJ.

SAWYER, J. This matter, which involves the great marshmallow of the law, nuisance, is again before us for decision, having been remanded by the Supreme Court. 435 Mich 866; 457 NW2d 345 (1990). Plaintiff Nancy Yarrick was injured when she stepped in a small hole in a grassy area of a park maintained by defendant. Plaintiffs filed a complaint against defendant, arguing that their claim was not barred by governmental immunity

under the public building and intentional nuisance
exceptions. The trial court granted summary dis-
position on the ground of governmental immunity.
MCR 2.116(C)(7).

On appeal, we held that the public building
exception was not applicable to the case at bar,
but that the intentional nuisance exception was.
180 Mich App 410; 447 NW2d 803 (1989). Our
opinion specifically concluded that intentional nui-
sance remained an exception to governmental im-
munity despite the Supreme Court's decision in
*Hadfield v Oakland Co Drain Comm'r*, 430 Mich
139; 422 NW2d 205 (1988). 180 Mich App 415.[1]
Thereafter, the Supreme Court vacated our judg-
ment and remanded this matter to us for reconsid-
eration in light of *Li v Feldt (After Remand)*, 434
Mich 584; 456 NW2d 55 (1990), and for considera-
tion of the existence and applicability of nuisance
per se and public nuisance exceptions to govern-
mental immunity.

Inasmuch as the Supreme Court ruled in *Li
(After Remand)* that there is no intentional nui-
sance exception to governmental immunity, we
need not give that issue further consideration.
Rather, we must now turn our attention to the
issues of public nuisance and nuisance per se
exceptions to governmental immunity. We re-
cently held that both public nuisance and nuisance
per se are exceptions to governmental immunity.
*Li v Feldt (On Second Remand)*, 187 Mich App
457; 468 NW2d 268 (1991). In that opinion, we also
held that raising the intentional nuisance issue
was sufficient to preserve the issues of public
nuisance and nuisance per se for this Court's
consideration. *Id.* at 478-479. Accordingly, we may

---

[1] Judge GRIFFIN partially dissented, concluding that intentional
nuisance was not an exception to governmental immunity.

turn to the question whether the public nuisance and nuisance per se exceptions to governmental immunity are applicable to the case at bar.

Considering public nuisance first, plaintiff argues that the hole in which she stepped constitutes a public nuisance. While we do not believe that a hole in the ground always constitutes a public nuisance, we do agree that there are some circumstances under which it might. A public nuisance has been described as an act or omission "which obstructs or causes inconvenience or damage to the public in the exercise of rights common to all Her Majesty's subjects." *Li (On Second Remand), supra* at 488-489, quoting Prosser & Keeton, Torts (5th ed), § 90, pp 643-645. To some extent, a hole in the ground in a public park can cause inconvenience or damage to the public in the exercise of their right to use the park. However, as will be discussed *infra,* not all such holes would constitute a public nuisance, the distinction being whether the hole is naturally occurring or artificial.

Public nuisance is defined in 4 Restatement Torts, 2d, § 821B, p 87, as follows:

> (1) A public nuisance is an unreasonable interference with a right common to the general public.
> (2) Circumstances that may sustain a holding that an interference with a public right is unreasonable include the following:
> (a) Whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience, or
> (b) whether the conduct is proscribed by a statute, ordinance or administrative regulation, or
> (c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right.

As the Restatement suggests, the concept of public nuisance anticipates that the nuisance was created by human conduct, rather than being a naturally occurring condition. The Restatement further supports this conclusion when it discusses liability under nuisance for conditions occurring on land. Specifically, there may be liability for failure to abate an *artificial* condition on land, as explained at 4 Restatement Torts, 2d, § 839, p 161:

> A possessor of land is subject to liability for a nuisance caused while he is in possession by an abatable artificial condition on the land, if the nuisance is otherwise actionable, and
> (a) the possessor knows or should know of the condition and the nuisance or unreasonable risk of nuisance involved, and
> (b) he knows or should know that it exists without the consent of those affected by it, and
> (c) he has failed after a reasonable opportunity to take reasonable steps to abate the condition or to protect the affected persons against it.

The restriction of this rule is further explained in the accompanying comment:

> The duty of a possessor of land under the rules stated in this Section does not exist in respect to most wholly natural conditions. (See § 840). [4 Restatement Torts, 2d, § 839, comment e, p 162.]

The principle that a naturally occurring condition is not a nuisance is further established in the Restatement in § 840:

> (1) Except as stated in Subsection (2), a possessor of land is not liable to persons outside the land for a nuisance resulting solely from a natural condition of the land.
> (2) A possessor of land who knows or has reason

to know that a public nuisance caused by natural conditions exists on his land near a public highway, is subject to liability for failure to exercise reasonable care to prevent an unreasonable risk of harm to persons using the highway. [4 Restatement Torts, 2d, § 840, p 166.]

The comment to § 840 further clarifies that there is no duty to inspect for the purpose of discovering a dangerous natural condition:

There is no duty to inspect for the purpose of discovering a dangerous natural condition. [4 Restatement Torts, 2d, § 840, comment c, p 168.]

In light of this discussion of the Restatement, we conclude that, generally, there must be some human agency responsible for the creation of the condition which allegedly constitutes a public nuisance. Thus, if the hole in the ground in the case at bar was created by defendant, or one of its employees, or possibly even a user of the park, the hole might constitute a public nuisance. However, if the hole was naturally occurring, perhaps caused by a burrowing rodent, a public nuisance does not exist.

In looking at plaintiffs' second amended complaint, their allegations for the most part center on defendant's failure to inspect the grounds and discover and repair the hole. This is clearly insufficient to establish a public nuisance. However, in paragraph 28(A) of their complaint, plaintiffs allege that defendant "improperly created and allowed to exist grass-covered holes." If plaintiffs can establish that defendant did create the hole, then they can establish the existence of a public nuisance. If, however, plaintiffs are unable to establish that the hole was of artificial origin, plaintiffs will not be able to defeat the immunity defense.

We should note that this case was not decided under MCR 2.116(C)(10) (no genuine issue of material fact). Thus, we must accept plaintiffs' allegation that defendant created the hole as true. Whether plaintiffs will be able to produce evidence to substantiate the claim that defendant created the hole, and thus establish the existence of a public nuisance, remains to be seen and is not at issue in this appeal.

Turning to the issue of the nuisance per se exception, a nuisance per se is an act, occupation, or structure which is a nuisance at all times and under all circumstances, regardless of location or surroundings. *Li (On Second Remand), supra* at 490-491. A hole in the ground is not an act, occupation, or structure nor is it a nuisance at all times and under all circumstances. Accordingly, it is not a nuisance per se.

For the above reasons, we conclude that plaintiffs have stated a claim which comes within the public nuisance exception to governmental immunity. Accordingly, we again reverse the trial court's grant of summary disposition with regard to the nuisance claim.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs may tax costs.

HOLBROOK, JR., P.J., concurred.

GRIFFIN, J. *(concurring).* I concur in the result only because I am required to do so pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv. Were it not for Administrative Order No. 1990-6, I would hold that the governmental immunity statute, MCL 691.1407 *et seq.*; MSA 3.996(107) *et seq.,* bars claims for both public nuisance and nuisance per se. Further, I would hold that the plaintiffs

have waived any claim of public nuisance by failing to plead such an alleged cause of action in their second amended complaint. Plaintiffs' second amended complaint pleads with specificity both "nuisance in fact" and "intentional nuisance." "Public nuisance," however, is nowhere pleaded.

This court, in a post-November 1, 1990, decision, *Li v Feldt (On Second Remand),* 187 Mich App 475; 468 NW2d 268 (1991), held that causes of action based upon nuisance per se and public nuisance survive the bar of the governmental immunity statute. MCL 691.1407 *et seq.*; MSA 3.996(107) *et seq.* Further, the panel in *Li (On Second Remand)* held that in order to properly raise the claims of public nuisance and nuisance per se, the plaintiff's complaint need not plead nuisance per se and public nuisance, so long as the plaintiff's complaint pleaded "nuisance." According to the *Li* panel:

> Given the uncertainty in this area, the fact that plaintiff initially focused on the wrong type of nuisance to label her claim is understandable and, more importantly, excusable. *Id.*, p 480.

In the original opinion in this case, the majority held that plaintiffs' claim of intentional nuisance survived the bar of governmental immunity. I respectfully dissented from this conclusion on the following grounds:

> By enacting the statute, the Legislature not only overturned *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961), it also sought to avoid the unpredictability of the common law by codifying governmental immunity. Supplemental common-law immunity exceptions are incompatible with the comprehensive immunity scheme enacted by the Legislature. [180 Mich App 410, 421; 447 NW2d 803

(1989) (GRIFFIN, J., concurring in part and dissenting in part).]

On further appeal, the Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the majority and remanded the case to us "for reconsideration in light of *Li v Feldt (After Remand)* and *Garcia v City of Jackson (After Remand),* 434 Mich 584 [456 NW2d 55] (1990)." Further, we were directed to consider "the existence of nuisance per se and public nuisance exceptions to immunity, and their applicability to these cases if, and to the extent that, they were properly raised before the Court of Appeals." 435 Mich 866; 457 NW2d 345 (1990).

On remand, I have again reviewed plaintiffs' original brief and note that the only nuisance issue which they raised in the Court of Appeals was the allegation that the lower court erred in dismissing their claim of intentional nuisance. Their brief makes no mention whatsoever of claims of nuisance per se or public nuisance. There is no allegation in any form that the lower court erred in dismissing their claims of nuisance per se and public nuisance. Accordingly, were it not for Administrative Order No. 1990-6 and this Court's decision in *Li v Feldt (On Second Remand), supra,* I would hold on remand that these alleged claims were not properly raised before the Court of Appeals.

Additionally, were it not for Administrative Order No. 1990-6, I would hold that such claims of nuisance per se and public nuisance are barred by the governmental immunity statute. On this issue, I continue to adhere to my partial dissent in the original opinion in this case. Further, I would adopt the well-reasoned opinion of Justice GRIFFIN in *Li v Feldt (After Remand), supra,* pp 605-606, wherein he concludes:

In my opinion, the fundamental purposes of the act were to restore immunity to municipalities, grant immunity to all levels of government when engaged in the exercise or discharge of a governmental function, and prevent judicial abrogation of governmental and sovereign immunity. The second sentence of § 7 [MCL 691.1407; MSA 3.996(107)] was merely intended to prevent further erosion of the *state's* common-law immunity, rather than preserve any common-law exceptions to *governmental* immunity. Under this analysis, unless the activity of a municipality falls within one of the five narrowly drawn statutory exceptions, the only question remaining in these cases is whether the activity is a "governmental function," as defined by the Legislature.

For these reasons, and because, in any event, plaintiffs failed to preserve for appeal the question whether either nuisance per se or public nuisance is a common-law exception to governmental immunity, I would not remand these cases to the Court of Appeals.