HORACE v CITY OF PONTIAC

ADAMS v DEPARTMENT OF STATE HIGHWAYS & TRANSPORTATION

Docket Nos. 104838, 105775. Argued December 9, 1997 (Calendar Nos. 2-3). Decided April 7, 1998.

Denise Horace brought an action in the Oakland Circuit Court against the city of Pontiac, seeking compensation for injuries sustained when she tripped and fell in a hole or crack in the asphalt on a descending walkway while proceeding toward the south entrance of the Pontiac Silverdome. The court, David F. Breck, J., denied the city's motion for summary disposition. The Court of Appeals, D. E. HOLBROOK, JR., P.J., and NEFF and McDONALD, JJ., denied leave to appeal in an unpublished order (Docket No. 141507). The Supreme Court remanded the case to the circuit court for reconsideration in light of *Wade v Dep't of Corrections*, 439 Mich 158 (1992). 439 Mich 1011 (1992). On remand, the court granted the city's motion for summary disposition, finding that the plaintiff could not invoke the public building exception to governmental immunity because the pothole is not a defect in a public building, but rather a defect in the sidewalk leading to the building. The Court of Appeals, WHITE, P.J., and SMOLENSKI and R. J. DANHOF, JJ., in an unpublished opinion per curiam, remanded the case for reconsideration in light of *Maurer v Oakland Co Parks & Recreation (On Remand)*, 201 Mich App 223 (1993), but declined to apply *Maurer* itself because the record did not sufficiently describe the area where the plaintiff fell (Docket No. 160572). The city appeals.

Madelene Adams brought an action in the Court of Claims against the Department of State Highways and Transportation, seeking compensation for injuries sustained when she fell in a hole while walking on a cement walkway to the entrance of a building at a rest area on I-75. The court, Carolyn Stell, J., granted summary disposition for the state on the basis of governmental immunity, finding that the cement walk was not so much an entrance to a public building as it was a sidewalk that is in front of the rest stop. The Court of Appeals, NEFF, P.J., and (McDONALD, J., concurring), and (C. A. NELSON, J., dissenting), reversed in an unpublished opinion per curiam on the basis of *Maurer* (Docket No. 176586). The state appeals.

In an opinion by Justice TAYLOR, joined by Chief Justice MALLETT, and Justices BRICKLEY, BOYLE, and WEAVER, the Supreme Court *held*:

Slip and fall injuries arising from a dangerous or defective condition existing in an area adjacent to an entrance or exit, but nevertheless still not part of a public building, do not come within the public building exception to governmental immunity.

1. The term "governmental function" is to be broadly construed; statutory exceptions, including the public building exception, are to be narrowly construed. The duty to maintain safe public places relates to dangers actually presented by the building itself.

2. In *Horace*, the trial court properly granted the city summary disposition. The danger of injury caused by the area in front of an entrance or exit is not a danger that is presented by a physical condition of the building itself. In *Adams*, the plaintiff's fall was not the result of a dangerous or defective condition of the building itself. Thus, summary disposition for the state was properly granted.

Justice KELLY, joined by Justice CAVANAGH, concurring in part and dissenting in part, stated that the majority's narrow reading of the public building exception overly constricts necessary factual inquiry.

A structure is part of a building if the two are so intimately associated that the building would be incomplete or inaccessible without it. In determining whether an area is part of a public building, provision should be made for additional factual inquiry into the layout of the building and grounds under consideration. A nonexhaustive list of factors for a trial court to consider includes: whether the surface or area where the injury occurred is actually surrounded by the walls or covered by the roof of the building; whether it is physically connected to the superstructure of the building; whether it is essential to the use of the building; whether it provides the only means of ingress and egress to and from the building; its proximity to the building's superstructure; whether the building was designed to include it. Such guidance is not provided in the majority's decision. Rather, the majority does little to avoid confusion and potentially conflicting results in the lower courts. Instead, it should permit additional factual inquiry regarding the layout of the public building and grounds under consideration.

*Horace*, reversed and remanded.

*Adams*, reversed and remanded.

*Ronald J. Gricius, P.C.* (by *Jeffrey W. Rentschler*), for the plaintiff in *Horace*.

*Bernstein & Bernstein, P.C.* (by *Thomas B. Calcatera*), for the plaintiff in *Adams*.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Joseph Nimako* and *T. Joseph Seward*), for the defendant in *Horace*.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Brenda E. Turner* and *Vincent Leone*, Assistant Attorneys General, for the defendant in *Adams*.

TAYLOR, J. We granted leave to appeal in these consolidated cases to determine whether the public building exception to governmental immunity[1] applies to slip and fall injuries arising from a dangerous or defective condition existing in an area adjacent to an entrance or exit, but nevertheless still not part of a public building. We are persuaded that the Legislature did not intend this exception to the broad grant of governmental immunity to apply in such circumstances because it is inconsistent with a narrow reading of the exception. We therefore hold that the public building exception is inapplicable in both cases.

---

[1] MCL 691.1406; MSA 3.996(106) provides in pertinent part:

Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition.

I. FACTS AND PROCEEDINGS

A. *HORACE v CITY OF PONTIAC*

On June 17, 1989, Denise Horace tripped and fell in a hole or crack in the asphalt while proceeding toward the south entrance of the Pontiac Silverdome on a descending walkway. Horace had passed through a turnstile and was between eighteen and twenty-eight feet from the south entrance doors when she fell. Horace filed a lawsuit against the city of Pontiac in the Oakland Circuit Court, seeking compensation for her injuries. The city sought summary disposition on the basis of governmental immunity. Horace opposed the motion, citing the defective public building exception. The trial court denied the city's motion. The Court of Appeals then denied the city's application for leave to appeal. This Court remanded the matter to the circuit court for reconsideration in light of *Wade v Dep't of Corrections*, 439 Mich 158; 483 NW2d 26 (1992), in response to the city's application for leave to appeal. 439 Mich 1011 (1992).

Pursuant to our remand, the trial court found that Horace could not invoke the public building exception to governmental immunity because "the pothole is not a defect in a public building, but rather a defect in the sidewalk leading to the building." Horace appealed, and the Court of Appeals remanded for reconsideration in light of *Maurer v Oakland Co Parks & Recreation Dep't (On Remand)*, 201 Mich App 223; 506 NW2d 261 (1993).[2] The Court of Appeals believed a remand was appropriate because the trial

_____

[2] The Court of Appeals failed to note that this Court had reversed *Maurer* sub nom *Bertrand v Alan Ford, Inc*, fourteen days earlier on a ground unrelated to the public building exception. 449 Mich 606; 537 NW2d 185

court had not had the benefit of *Maurer* when it issued its decision. The Court of Appeals declined to apply *Maurer* itself, stating the record did not provide a sufficiently detailed description of the area where plaintiff fell. This Court granted the city's application for leave to appeal, ordering the case to be argued and submitted with *Adams v Michigan.* 454 Mich 907 (1997).

### B. *ADAMS v DEP'T OF STATE HWYS & TRANSPORTATION*

On September 3, 1992, Madelene Adams was walking on a cement walkway to the entrance of a building at a rest area on I-75 when she fell in a hole in the cement walk. Adams filed a lawsuit against the state of Michigan in the Court of Claims, seeking compensation for her injuries. The state sought summary disposition on the basis of governmental immunity. Adams opposed the motion, citing the defective public building exception. The trial court granted summary disposition on the basis that the cement walk was not so much an entrance to a public building as it was a sidewalk that is in front of the rest stop, leading not only to the building, but also to a telephone, an outside map, a picnic area and a dog run. Adams appealed, and the Court of Appeals reversed on the basis of *Maurer, supra,* noting we had reversed *Maurer* on other grounds sub nom *Bertrand v Alan Ford, Inc,* 449 Mich 606; 537 NW2d 185 (1995). Judge NELSON dissented, criticizing *Maurer.* We granted the state's application for leave to appeal. 454 Mich 907 (1997).

---

(1995). We reversed the Court of Appeals decision on the basis of the open and obvious danger doctrine.

### C. STANDARD OF REVIEW

In *Adams*, the Court granted the state summary disposition pursuant to MCR 2.116(C)(7) and (8). In *Horace*, the Court granted summary disposition pursuant to MCR 2.116(C)(7). A party may move for summary disposition under subrule (C)(7) on the basis that the claim is barred because of immunity granted by law. A party may move for summary disposition under subrule (C)(8) on the basis that an opposing party has failed to state a claim upon which relief may be granted. Only the pleadings may be considered when a motion is based on subrule (C)(8). MCR 2.116(G)(5). When a motion is premised on subrule (C)(7) the court must consider not only the pleadings, but also any affidavits, depositions, admissions, or documentary evidence that has been filed or submitted by the parties. MCR 2.116(G)(5). See, further, *Wade, supra* at 162-163. We review orders granting summary disposition de novo. *Groncki v Detroit Edison Co*, 453 Mich 644, 649; 557 NW2d 289 (1996).

### II. REVIEW OF CASE LAW

It is now well established, as the result of this Court's seminal governmental immunity opinion in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), and its progeny, that the term "governmental function" is to be broadly construed and the statutory exceptions thereto, including the public building exception, are to be narrowly construed. *Wade, supra* at 166; *de Sanchez v*

*Mental Health Dep't,* 455 Mich 83, 90; 565 NW2d 358 (1997).[3]

This Court and the Court of Appeals have made numerous conflicting statements, frequently in dicta, regarding whether areas adjacent to a building come within the public building exception subsequent to *Ross, supra.* In *Jolly v City of St Clair,* 428 Mich 860; 400 NW2d 597 (1987), this Court held that a person

---

[3] *Ross* constituted a significant change in governmental immunity jurisprudence. Prior case law had given the term "governmental function" a narrow reading and had rejected a narrow reading of the public building exception. *Wade, supra* at 165. For example, in *Tilford v Wayne Co General Hosp,* 403 Mich 293; 269 NW2d 153 (1978), this Court held that a slip and fall on a patch of ice on the walk leading to the entrance to the hospital came within the public building exception. In *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), this Court held that a child injured on a defective slide on a school playground came within the public building exception. Neither *Tilford* nor *Pichette* remains good law. *Tilford* is inconsistent with *Wade* in that the snow and ice on which the plaintiff fell was a transitory condition not within the public building exception. *Pichette* is inconsistent with *Wade* in that a slide is not a condition of the building itself. See *Henkey v Grand Rapids,* 185 Mich App 56, 57; 460 NW2d 271 (1990), rev'd 440 Mich 867 (1992), where the Court of Appeals opinion indicated the plaintiff slipped on some snow and ice on the sidewalk immediately adjacent to the entryway of a public building. This Court peremptorily reversed the Court of Appeals stating "Plaintiff has not pled a cause of action in avoidance of governmental immunity" and then cited *Wade.* Our peremptory reversal could be understood as standing for the proposition that a fall on snow and ice is not within the exception because it is a transitory condition or that a fall adjacent to an entryway, but still outside the building, is not within the exception because the fall was not a result of the building itself, or both of these propositions. See also *Merritt v Dep't of Social Services,* 184 Mich App 522, 523; 459 NW2d 10 (1990) (the plaintiff slipped and fell on some ice in a parking lot; the Court of Appeals noted that the scope of the public building exception had been narrowed considerably since *Tilford* and held that the exception did not apply to a parking lot where entry and exit from the building was not directly possible from the parking lot [entry and exit were via a sidewalk]); and *Eberhard v St Johns Public Schools,* 189 Mich App 466, 467; 473 NW2d 745 (1991) (the plaintiff was injured on a playground when a basketball hoop fell; the Court of Appeals affirmed an order dismissing the plaintiff's claim, stating it was convinced that the public building exception no longer applies to dangers presented on school property adjacent to a public school).

injured on a slide that was located in a public munici-
pal park *and that was not immediately adjacent to*
or part of any public building did not come within the
public building exception. In *Reardon v Dep't of
Mental Health,* 430 Mich 398, 415; 424 NW2d 248
(1988), this Court quoted *Jolly, supra,* as clarifying
that the duty to maintain safe public places relates to,
but does not extend beyond, the condition of the pub-
lic building itself *or the immediately adjacent prem-
ises.* Yet, *Reardon* immediately thereafter clarified
that the duty imposed by the public building excep-
tion relates to dangers actually presented by the
"building itself." *Id.* at 415.[4]

Post-*Ross* decisions in the Court of Appeals have
been consistent in rejecting public building defect
claims involving areas not immediately adjacent to a
building, especially if the area of the injury was not
immediately in front of an area providing ingress or
egress to the building.[5] However, in discussing areas

---

[4] The apparent incongruity between these two statements led the Court
of Appeals in *Yarrick v Village of Kent City,* 180 Mich App 410, 414; 447
NW2d 803 (1989), vacated and remanded for reconsideration regarding a
different issue 435 Mich 866 (1990), *(On Remand)* 189 Mich App 627; 473
NW2d 774 (1991), to state:

> Although the *Reardon* Court's statement to the effect that *Jolly*
> clarified that the duty to maintain safe public places related to
> buildings and the immediately adjacent premises could be read to
> indicate that the building exception continues to apply to the
> immediately adjacent premises, we believe that *Reardon* represents
> an abandonment of that doctrine. Specifically, the statement that
> the Court in deciding *Reardon* clarified "that the duty imposed by
> the public building exception relates to dangers actually presented
> by the building itself" represents a conclusion that the building
> exception applies only to the building itself and not to the adjacent
> areas.

[5] See, e.g., *Abrams v Schoolcraft Community College,* 178 Mich App
668, 671; 444 NW2d 533 (1989) (the plaintiff slipped and fell in a parking
lot; the Court of Appeals affirmed an order granting summary disposition

immediately adjacent to a public building, the Court of Appeals statements have conflicted.

In *Dristy v Waterford School Dist*, 146 Mich App 217; 379 NW2d 428 (1985), the plaintiff slipped and fell on a snowy sidewalk approximately ten to fourteen feet from the entrance of the building. While the Court of Appeals affirmed a jury verdict of no cause of action, it did state in dicta, citing *Tilford v Wayne Co General Hosp*, 403 Mich 293; 269 NW2d 153 (1978), that school districts remain liable for negligent maintenance of entrance walks to buildings under their control. *Dristy* failed to note the existence of *Ross*.

In *Yarrick v Village of Kent City*, 180 Mich App 410, 414; 447 NW2d 803 (1989) (see n 4), the plaintiff was injured while stepping into a hole while walking across a grassy area to get to a public restroom at a roadside park. The Court of Appeals held that the public building exception did not apply because a "building itself" was not involved. The Court of Appeals further indicated that *Reardon* represented

---

to the defendant stating, "it does not appear that the parking lot was 'immediately adjacent' to the school building so as to possibly fall within the public building exception"), *Richardson v Warren Consolidated School Dist*, 197 Mich App 697, 700-701; 496 NW2d 380 (1992) (the plaintiff was injured when her bicycle struck a concrete island at the edge of a circular drive in front of a school; the Court of Appeals held that the plaintiff could not assert the building exception, noting that it was not possible to enter the building directly from the driveway itself, a sidewalk had to be utilized), and *Wing v Detroit*, 178 Mich App 628; 444 NW2d 539 (1989) (the plaintiff slipped and fell on the main walkway at the Detroit Zoo near the Penguin House; the Court of Appeals first noted that the scope of the public building exception had been narrowed by *Ross* and *Reardon* and went on to find the plaintiff's claim did not come within the public building exception because the place the plaintiff fell was not part of the entrance to the Penguin House and the zoo's main walkway could not be considered part of the surrounding grounds or premises of the Penguin House).

an abandonment of the conclusion that the building exception could apply to immediately adjacent premises.

In *Henkey v Grand Rapids*, 185 Mich App 56, 57; 460 NW2d 271 (1990) (see n 3), the plaintiff slipped and fell on some snow and ice on a sidewalk immediately adjacent to the entryway of a public building. The Court of Appeals said it disagreed with *Yarrick* and believed that *Reardon* did not limit the public building exception to the actual physical structure of the building. The Court of Appeals held that the exception applied to areas immediately adjacent to a building.

In *Hall v Detroit Bd of Ed*, 186 Mich App 469, 471; 465 NW2d 12 (1990), the plaintiff slipped and fell on ice while walking from the school grounds to an immediately adjacent sidewalk and building. The Court of Appeals held that the building exception related to dangers actually presented by the building itself and did not apply where a plaintiff fell on property adjacent to a public school.

In *Maurer, supra,* the plaintiff fell while leaving a restroom at a park when she encountered a seven-inch drop between two steps. The Court of Appeals held that the steps had to be viewed as part "of" the building in light of the fact that the steps were intimately associated or connected with the building itself. The Court of Appeals stated that the steps were not merely adjacent to the restroom building, but were related to the permanent structure or physical integrity of the building. *Id.* at 229.

As is apparent, this Court and the Court of Appeals have made inconsistent statements regarding whether an injury resulting from a slip and fall in an area

immediately adjacent to an entrance or exit of a public building comes within the building exception.

### III. ANALYSIS

It requires a broad, rather than narrow, reading of the building exception to find that the building exception applies to anything but the building itself.[6]

We reject the reasoning of *Maurer*. We first note that the majority of the Court of Appeals in *Adams* was of the view that it was bound to follow *Maurer*. This statement is inaccurate. As previously indicated, this Court reversed *Maurer* on other grounds before the Court of Appeals issued its decision in *Adams* (and *Horace*). Under the first-out rule now found at MCR 7.215(H), the Court of Appeals must follow "the rule of law" established by a prior published opinion issued on or after November 1, 1990. In *Maurer*, the Court of Appeals held that the plaintiff's claim was not barred by the open and obvious danger doctrine and that the claim came within the public building exception. This Court reversed, finding that the claim was barred by the open and obvious doctrine and specifically did not address the governmental immunity issue. 449 Mich 621. This Court also reinstated the trial court's grant of summary disposition to the defendant. *Id.* at 625.

Under such circumstances, no rule of law remained from the Court of Appeals opinion. The Court of Appeals statements regarding the building exception became no more than dictum upon this Court's reversal under the open and obvious danger doctrine.

---

[6] As we explained in *Reardon* at 412, the Legislature put its imprimatur on this Court's giving the exceptions to governmental immunity a narrow reading when it enacted 1986 PA 175.

Whether the area where the fall occurred came within the building exception became irrelevant when this Court found the claim barred by the open and obvious danger doctrine. Hence, the Court of Appeals in the instant cases was not required to follow the analysis of the public building exception given in the Court of Appeals *Maurer* opinion.

We do, however, recognize that the *Adams* and *Horace* panels were free to find the analysis of the public building exception given in the *Maurer* opinion persuasive. The public building exception applies to a dangerous or defective condition "of a public building." In *Reardon* this Court cited the definition for the word "of" from Black's Law Dictionary (5th ed). 430 Mich 410-411. The essence of the Court of Appeals analysis of the building exception in *Maurer* is premised on the fact that the Black's Law Dictionary definition of the word "of" included "[a]ssociated with or connected with." From this the Court of Appeals reasoned that steps where the plaintiff had fallen had to be viewed as part of the building because they were intimately associated or connected with the building itself.[7]

We find this reasoning incompatible with a narrow reading of the public building exception. First, this Court did not, by quoting the Black's Law Dictionary

---

[7] We also note that the Court of Appeals description of the area where the plaintiff fell in *Maurer* was not entirely accurate. The Court of Appeals characterized the area where the plaintiff fell as a "stairway leading into the building." *Id.* at 229. However, as explained in our opinion in *Maurer*, the area where the plaintiff fell was neither merely adjacent nor related to the physical integrity of the building. Rather, the plaintiff fell, not on a walkway, but on a wooden level built into the side of a slope approaching a park restroom that was at least four feet from the door. *Id.* at 619.

definition of the word "of" in *Reardon*, intend to provide a means to reach a broad view of the public building exception (it is well to remember that *Reardon* rejected a public building claim). The first example given in Black's Law Dictionary for the word "of" is "he is of noble blood." If this were the test for when something is "of" a building, it would require a very broad reading of the narrow building exception.

Further, our quoting the Black's Law Dictionary definition of the word "of" did not do away with MCL 8.3a; MSA 2.212(1), which provides: "All words and phrases shall be construed and understood according to the common and approved usage of the language." One does not need a legal dictionary to understand the meaning of a nonlegal term such as "of." Thus, when considering a nonlegal word or phrase that is not defined within a statute, resort to a layman's dictionary such as *Webster's* is appropriate.[8] This is because the common and approved usage of a nonlegal term is most likely to be found in a standard dictionary and not a legal dictionary. Review of *Webster's Collegiate Dictionary* shows that the word "of" can have many different meanings, depending on the context. The most obvious definition applicable here is "used to indicate possession." This is entirely consistent with this Court's conclusion in *Wade* that the defect or condition must be "of the building itself." 439 Mich 168.[9]

---

[8] The preface to the Revised Fourth Edition of Black's Law Dictionary specifically states that it provides meanings of legal terms and phrases as well as to the special legal meanings of standard English words whose meanings frequently cannot be found in the ordinary English language dictionaries.

[9] The dissent suggests that our opinion may cut off liability for injuries resulting from the collapse of an outside overhang on a public building,

We further indicate our agreement with the logic of the following statement from *Stanton v Garfield Twp*, 75 Mich App 537, 539; 255 NW2d 675 (1977).[10] "We do not believe that in the usual commonly accepted sense of the term the ground adjacent to a public building is a public 'building,' statutorily speaking, and we so hold."

### IV. APPLICATION TO CASES

In *Horace*, plaintiff was between eighteen and twenty-eight feet from the south entrance doors to the Silverdome when she fell. Having determined that liability does not extend to walkways, we find that the trial court properly granted the city summary disposition. A danger of injury caused by the area in front of an entrance or exit is not a danger that is presented by a physical condition of the building itself. As previously explained, the Court of Appeals reliance on *Maurer* was misplaced.

In *Adams*, plaintiff fell when walking on a cement walkway near the entrance of a building at a rest area. The trial court granted summary disposition on the basis that the cement walk was not so much an entrance to a public building as it was a sidewalk that is in front of the restroom building, leading not only to the building, but also to a telephone, an outside map, a picnic area, and a dog run. The trial court's

---

stairs leading up to or down from an elevated building entrance, an underground tunnel leading into a building, an attached external ramp or railing. While it is not necessary for us to resolve these hypothetical situations in the case at bar, we note that an outside overhang is a danger presented by a physical condition of a building itself and that some stairs also may fit the test we adopt today if they are truly part of the building itself.

[10] We recognize that this case was reversed and remanded for reconsideration in light of *Tilford, supra.* 404 Mich 802 (1978).

analysis is entirely consistent with our opinion today. Adams' fall was not the result of a dangerous or defective condition of the building itself. Thus, summary disposition was properly granted to the state. As in *Horace*, the Court of Appeals erred by relying on *Maurer*.

## V. CONCLUSION

In sum, we hold that slip and fall injuries arising from a dangerous or defective condition existing in an area adjacent to an entrance or exit, but nevertheless still not a part of a public building, do not come within the public building exception to governmental immunity.

We therefore reverse the judgment of the Court of Appeals in each case and remand for entry of a judgment in favor of each defendant.

MALLETT, C.J., and BRICKLEY, BOYLE, and WEAVER, JJ., concurred with TAYLOR, J.

KELLY, J. (*concurring in part and dissenting in part*). I concur with the result only in the matter of *Adams v Michigan*. I respectfully dissent from the majority decision in *Horace v Pontiac*.

The issue in *Horace* is whether the public building exception to governmental immunity[1] extends to sidewalks used as entrance ways. I agree with the majority that the exception is to be narrowly construed. However, the majority's narrow reading of the exception overly constricts necessary factual inquiry. I would affirm the Court of Appeals decision and

---

[1] MCL 691.1406; MSA 3.996(106).

remand the case to the trial court for specific findings
of fact.

Initially, I note that the majority's statement of the
issue begs the key question posed in this case: When
is a structure part of a building? The majority summa-
rily answers this question before reaching any analy-
sis by posing the issue as "whether the public build-
ing exception to governmental immunity applies to
slip and fall injuries arising from a dangerous or
defective condition existing in an area adjacent to an
entrance or exit, but nevertheless still not part of a
public building." *Ante* at 746. With the issue phrased
in this way, it appears that the Court granted leave to
determine if something not part of a public building is
part of a public building. Properly stated, the issue is
whether a sidewalk used as an entrance way should
be considered part of a public building.

I find helpful the analysis in *Maurer v Oakland Co
Parks & Recreation Dep't (On Remand)*, 201 Mich
App 223; 506 NW2d 261 (1993). Although this deci-
sion was reversed on other grounds, sub nom *Ber-
trand v Alan Ford, Inc*,[2] its analysis relating to the
public building exception to governmental immunity
is instructive.

In *Maurer*, the Court of Appeals concluded that the
steps leading to a bathroom "provide the building's
only means of ingress and egress. These steps are not
merely adjacent to the restroom building, but are
related to the 'permanent structure or physical integ-
rity of the building.'" *Id.* at 229. The Court went on to
state that "the steps must be viewed as part *of* the
building itself because they are intimately associated,

---

[2] 449 Mich 606; 537 NW2d 185 (1995).

or connected, with the building itself, because it is impossible to enter or leave the building without going up or down them." *Id.* at 230. By extension, I would hold that a structure is part of a building if the two are so intimately associated that the building would be incomplete or inaccessible without it.

This holding does not conflict with the Court's decision in *Wade v Dep't of Corrections*, 439 Mich 158; 483 NW2d 26 (1992). The facts in *Wade* differ from those in this case. In *Wade*, the dangerous condition was a foreign substance on the floor inside the Lakeland Correctional Facility that caused Wade to slip and be injured. We held that the public building exception does not apply where the transitory condition was not caused by a dangerous or defective condition of the building, itself. *Id.* at 161. Thus, we concluded that the public building exception is to be narrowly construed and does not include claims of negligent janitorial care. *Id.* at 170.

In the present case, we remanded to the circuit court, instructing it to reconsider defendant's motion for summary disposition in light of *Wade*. The court properly found that the pothole in the entryway is not a transitory condition; it is a structural defect in an entryway that provides access to a public building. In granting the defendant's motion, however, the trial court construed the public building exception too narrowly. It determined that, as the defect was in the entryway, it was not in the building itself. Hence, the exception did not apply.

On occasion, the entryway of a building, because of the building's design, is so intimately associated with the building that it becomes part of it. In the companion case of *Adams v Michigan*, the entry on which

plaintiff was injured led to several termini. By contrast, in this case, plaintiff fell on a walkway that had to be traversed in order to enter the Silverdome. She had to present an admission ticket at a turnstile, pass through the turnstile and proceed to an entry door. The entire area was paved with concrete. Concrete walls funneled patrons downward from the turnstiles toward the doors. Given these facts, I conclude that the entry area was intimately associated with the building.

Under the majority opinion, it is unclear how, in the future, a lower court is to go about determining when the exception applies to an injury outside a public building. It cannot be said that the public building exception cannot be invoked if an accident occurs outside a public building. This Court's decision in *Reardon v Dep't of Mental Health*,[3] extends the duty imposed by the public building exception to the condition of the immediately adjacent premises.

But under what circumstances can it be invoked? If an outside overhang on a public building collapses and crushes a person standing eighteen to twenty-eight feet outside it, would not the exception adhere? What of an injury on stairs leading up to or down from an elevated building entrance, an underground tunnel leading into a building, an attached external ramp or railing? Applying the holding of the majority, if any of the latter structures collapsed and injured or killed a passerby, would the government be immune from liability?

A workable manner of determining whether an area is part of a public building would be to provide for

---

[3] 430 Mich 398, 415; 424 NW2d 248 (1988).

additional factual inquiry into the layout of the building and grounds under consideration. A nonexhaustive list of factors for a trial court to consider includes: (1) whether the surface or area where the injury occurred is actually surrounded by the walls or covered by the roof of the building; (2) whether it is physically connected to the superstructure of the building; (3) whether it is essential to the use of the building; (4) whether it provides the only means of ingress and egress to and from the building; (5) its proximity to the building's superstructure; (6) whether the building was designed to include it.

Today's opinion should give direction to the courts, instructing them how to determine whether a structure outside the four walls of a public building is part of the building. Such guidance is not here.

In today's opinion, the only direction is the statement that these particular walkways are not part of these particular buildings. The majority opinion does little to avoid confusion and potentially conflicting results in the lower courts. Instead, it should permit additional factual inquiry regarding the nature of the entrance to the public building in question. Therefore, I would affirm the decision of the Court of Appeals and remand the case to the trial court for specific findings of fact.

CAVANAGH, J., concurred with KELLY, J.