# STATE OF MICHIGAN

# COURT OF APPEALS

DIANA M. STANDEN and JERE STANDEN,

      Plaintiffs-Appellees,

v

ALPENA COMMUNITY COLLEGE,

      Defendant-Appellant.

UNPUBLISHED
December 9, 2014

No. 317466
Alpena Circuit Court
LC No. 12-005047-NO

Before: K. F. KELLY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

In this premises liability action, defendant appeals as of right from the trial court order that denied it summary disposition under MCR 2.116(C)(7) (immunity granted by law) and (C)(10) (no genuine issue of material fact). We reverse and remand.

Plaintiff Diana M. Standen (hereinafter plaintiff)[1] was injured when she fell while walking along a walkway from the exit of a building on defendant's campus. She fell as she was about to reach the parking lot where her car was parked, which was approximately 81 feet from the building's exit. No one witnessed plaintiff's fall. Grounds keepers also indicated that the walkway plaintiff traversed does have a descending slope away from the building due to grading done to ensure proper drainage away from the building. The grounds keepers testified that the building would still be accessible even if the walkway was removed.

During her deposition, plaintiff stated that she did not remember what caused her to fall. However, in a Michigan Municipal Risk Management Authority-Claims Documentation Questionnaire, she indicated that her fall was caused by either a loose brick or a hole in the walkway, which, she maintained, was found and pointed out as the cause of her fall by one of the responding paramedics. Plaintiff indicated something similar in an accident report that she filled out shortly after the fall and in an e-mail to a friend later that evening. None of the responding paramedics recall making such a statement.

---

[1] Plaintiff's husband, Jere Standen, brought a claim for "loss of consortium, loss of society and companionship, and other damages."

During the hearing on defendant's motion for summary disposition, plaintiff's counsel indicated that he had a study of the walkway's elevation change conducted to determine its exact grade. Plaintiff indicated he would forward the results of that study to the trial court upon receipt. Several days later, plaintiff forwarded a signed but unsworn letter from a surveying company that stated there was a 1.8-foot elevation difference between the approximate location where plaintiff fell and the entrance to the building she had exited.

The court denied defendant's motion, finding that because of the elevation change, the walkway fell within the public buildings exception to governmental immunity and that a genuine issue of material fact existed with respect to the issue of causation. Defendant claims the court erred and that summary disposition in its favor should have been granted. The grant or denial of a motion for summary disposition is subject to review de novo on appeal "to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

"MCR 2.116(C)(7) permits summary disposition where the claim is barred by immunity." *Id*. While a party may submit additional proofs, it is not required, and any proofs submitted must be admissible evidence. *Id.* at 119.

"Except as otherwise provided in [the Government Tort Liability Act, MCL 691.1401 *et seq.*], a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). However, "[g]overnmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and . . . failed to remedy the condition." MCL 691.1406. In order to establish a prima facie case under the public buildings exception, a plaintiff must show that:

> (1) a governmental agency is involved, (2) the public building in question is open for use by members of the public, (3) a dangerous or defective condition of the public building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable amount of time. [*Renny v Michigan Dep't of Transp*, 478 Mich 490, 496; 734 NW2d 518 (2007).]

At issue in this appeal is whether there was a dangerous or defective condition of the public building itself.

In *Horace v City of Pontiac*, 456 Mich 744, 747; 575 NW2d 762 (1998), the plaintiff fell "while proceeding toward the south entrance of the Pontiac Silverdome on a descending walkway." The plaintiff "had passed through a turnstile and was between eighteen and twenty eight feet from the south entrance." *Id.* The *Horace* Court explained that its analysis was to be guided by the perspective that it was necessary to employ "a narrow reading of the public building exception." *Id*. at 755. The Court concluded that the ground adjacent to a public building is not "statutorily speaking" part of the public building. *Id.* at 757. The Court explained

that "liability does not extend to walkways" and that "[a] danger of injury caused by the area in front of an entrance or exit is not a danger that is presented by a physical condition of the building itself." *Id.*

Nonetheless, in *Fane v Detroit Library Comm,* 465 Mich 68, 70; 651 NW2d 678 (2001), the Court held that "the public building exception can apply to parts of a building that extend beyond the walls." The plaintiff in *Fane* fell while walking toward the main entrance of the Detroit Public Library, which required her to climb several steps up to an elevated stone terrace that provided the access to the main entrance. *Id.* at 71. Plaintiff fell while on the terrace approximately thirty-five yards from the entrance. *Id.*

Drawing on a footnote in *Horace*, the Court in *Fane* determined that the former case did not stand for the proposition that the public buildings exception could never be applied "outside the four walls of a building." *Id*. at 76. The *Fane* Court stated that an initial step was to see if the area where the plaintiff fell could be considered a fixture. *Id.* at 77. However, "[w]here the facts do not lend themselves to a fixture analysis[,] the courts must look beyond . . . to determine whether an item or area outside the four walls of a building is 'of a public building.' " *Id.* at 78. The *Fane* Court explained that when a fixture analysis in inapplicable, a court should consider "whether the item or area where the injury occurred is physically connected to and not intended to be removed from the building." *Id.* Applying that standard, the Court concluded that the terrace where the plaintiff fell was "physically abutting and built into the library building," and that "[i]t is not intended to be removed from the rest of the building." *Id.* at 79. The Court cited to the elevation difference as evidence that the terrace was "not intended to be removed." *Id.* Therefore, it concluded, the terrace was part of the building within the meaning of the public buildings exception. *Id.*

Plaintiff in the case before us relies upon the elevation difference between where she fell and the entrance to the building. However, while noting the issue of the elevation difference, the *Fane* Court did not hold that elevation was dispositive. See *id.* Indeed, the Court in *Fane* explicitly stated that "we must determine whether it [the terrace] is physically connected to and not intended to be removed from the building." *Id.* In the present case, there are no facts in the record to suggest the walkway was physically abutting, built into, or otherwise connected to the building. Therefore, there is no need to consider whether the walkway was intended to be removed, and the elevation difference has no bearing on the ultimate outcome.

Furthermore, the trial court and plaintiff are incorrect in assuming that if the walkway were removed there would be a 21.6-inch depression between the ground and the building entrance. In order for this to be correct, not only would the walkway have to be removed, but the grading itself would have to be changed. The record makes clear that the ground was not sloped for purposes of constructing the walkway; it was graded that way to ensure proper drainage. If the walkway were removed, a person could still ascend the grading to the building entrance.

Accordingly, because plaintiff has failed to present evidence that the area where she fell fits within the public buildings exception, plaintiff's claim is barred by governmental immunity and summary disposition pursuant to MCR 2.116(C)(7) is required.

Reversed and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Patrick M. Meter